[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Mike Devlin, Esq., for the Petitioner
Patricia A. Swords, Esq., Assistant State's Attorney for the State.
BY THE DIVISION
The petitioner was convicted after a trial by jury of two counts of Assault 2nd in violation of Conn. Gen. Stat. 53(a)-60(A)(5). At the time of sentencing he was given 5 years to serve on the first count and four years to serve on the second count. The court imposed the sentences consecutive to each other for a total effective sentence of nine years to serve.
The evidence shows that while the petitioner was serving his time at Somers he provoked an altercation with a corrections officer The altercation went from a verbal dispute to where the petitioner "sucker punched" the victim after he turned away from the petitioner with the thought that the situation was terminated. As a result of the assault, the victim received very serious injuries which have debilitated him. At the time of sentencing he had constant headaches which can leave him writhing in pain on the floor without relief. He suffers from double vision, has to wear special glasses with a visor to CT Page 10068 shield his eyes because of difficulties with both indoor and outdoor lights He has also had persistent neurological problems which require ongoing treatment. The second assault took place upon a corrections officer responding to help his colleague. He was thrown to the floor suffering a back injury
At the hearing before the Division, counsel for the petitioner admitted that the injury to correction officer Heinzmann was very serious. However, he felt that the injury to the responding officer was very minor, and that the sentence imposed was excessive. Counsel argued that the type of injury received by correctional officer Iennaco normally would have been handled internally within the institutional setting. According to counsel, the court sentence was excessive because it was too much time and that it was imposed consecutively Counsel felt that the nine year sentence reflected the fact that the court was limited to a five year sentence on the more serious offense. He requested the division to reduce the second count to a one year sentence to be fair.
The attorney for the State disputed that the injury to officer Iennace was minimal. She stated that he was thrown to the floor and hurt his back. As a result of the injury, he missed time from work and filed a workmens compensation claim. She noted that the injuries to the officers were inflicted by a person who had six tickets for other offenses while at Somers. With two injuries, one of which was very serious, the State felt that the total sentence imposed by the court was completely appropriate and urged the division to uphold the sentence.
The petitioner addressed the panel indicating that he was not looking for a fight or to injure anyone in the manner that happened.
At sentencing the court found the injuries to be vicious unprovoked attacks on corrections officers doing their duty. In reviewing the sentence as a whole, this Division finds that it is appropriate for the type of injuries sustained. Taking into consideration that the offenses happened in an institution where any spark of resistance to authority could cause grave consequences, this Division finds the sentence appropriate. The sentence is affirmed.
Norko, J.
Klaczak, J.
Stanley, J.
Norko; J., Klaczak, J., and Stanley, J., participated in this CT Page 10069 decision.